UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA CATHERINE PRICE, a.k.a. Cynthia Ballenger, *et al.*,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　Defendant. | No. 25-cv-795 |

**MEMORANDUM OPINION**

Plaintiffs Cynthia and Christopher Price allege that the United States, through the Federal Bureau of Investigations ("FBI") and the Department of Justice ("DOJ") (collectively, "Federal Defendants"), wrongfully disclosed and mishandled private information obtained from a search of their Facebook accounts during their criminal prosecution, in violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, and the Privacy Act of 1974, 5 U.S.C. §§ 552a(b), (e)(6), (e)(7), (e)(9), (e)(10). *See generally* Am. Compl., ECF No. 4. Specifically, Plaintiffs assert common-law tort claims against the United States for intrusion upon seclusion and public disclosure of private facts as well as claims against the agencies related to the unauthorized disclosure, dissemination, and maintenance of their information under the Privacy Act. *Id.* Plaintiffs filed an Amended Complaint under Federal Rule of Civil Procedure 15(a)(1), and now Federal Defendants move to dismiss the Amended Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *See generally* Mot. to Dismiss, ECF No. 8. For the following reasons, the court will GRANT Federal Defendants' Motion to Dismiss.

I.   **BACKGROUND**

The events in this case stem from Plaintiffs' criminal prosecution for their participation in the attack on the United States Capital on January 6, 2021.  *See United States v. Ballenger*, 2023 WL 4581846, at *1 (D.D.C. July 18, 2023), *vacated and remanded*, 2025 WL 415124 (D.C. Cir. Feb. 4, 2025).  As part of the investigation in that case, the FBI obtained a warrant to search Plaintiffs' Facebook accounts.  Am. Compl. ¶ 15.  Pursuant to that warrant, Facebook produced to the FBI thousands of pages of Plaintiffs' private Facebook messages and financial data.  *Id.* ¶¶ 22, 23, 62, 67.  The district court denied Plaintiffs' motion to suppress information from the search, *id.* ¶ 16, and DOJ prosecutors used portions of the material at trial and, after Plaintiffs were convicted, again at sentencing, *id.* ¶¶ 34–41, 43.  Plaintiffs moved for a judgment of acquittal and a new trial, *Ballenger*, 2023 WL 4581846, at *1, arguing in part that the Government had reached beyond the terms of the search warrant, which required it to filter and retain only relevant content, *id.* at *10.  After the district court denied those motions, Plaintiffs appealed their conviction.  *See id.* at *11; Am. Compl. ¶ 14.  While their appeal was pending, President Trump issued a pardon covering Plaintiffs' offenses related to the January 6 incident.  Accordingly, the D.C. Circuit vacated Plaintiffs' convictions and remanded the case with instructions to dismiss the charges.  *See United States v. Ballenger*, 2025 WL 415124, at *1 (D.C. Cir. Feb. 4, 2025); Am. Compl. ¶ 47.

Plaintiffs then filed this civil action, renewing their argument that the FBI's application for the search warrant was based on misrepresentations regarding its scope, and that DOJ improperly used information gleaned from Plaintiffs' Facebook accounts.  Am. Compl. ¶¶ 18–21, 25, 27.

Plaintiffs seek compensatory damages under the FTCA and "actual damages" under the Privacy Act. *Id.* at 58–61.[1]

## II. LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). In opposing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff "bears the burden of demonstrating subject matter jurisdiction." *Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). If the plaintiff cannot do so, the court must dismiss the action. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Sovereign immunity, which protects the federal government and its agencies from suit, *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994), is one ground for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), *see Geronimo v. Obama*, 725 F. Supp. 2d 182, 185 (D.D.C. 2010). The "plaintiff bears the burden of establishing that sovereign immunity has been waived or abrogated." *Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014) (citing *Tri–State Hosp. Supply Corp. v. United States,* 341 F.3d 571, 575 (D.C. Cir. 2003)).

A motion under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2022). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the plaintiff must plead "factual content that allows the court to draw the reasonable

---

[1] Plaintiffs also seek injunctive relief under 5 U.S.C. § 552a(g)(3)(A), which applies when an individual has requested access to information about her that is contained in a government system. But they do not allege that they requested access to their records or were refused such access. *See* Am. Compl. at 62–63.

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Under both Rules 12(b)(1) and 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint. *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). "Because the court has 'an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority,' however, the factual allegations in the complaint 'will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim.'" *Nat'l Ass'n for Latino Cmty. Asset Builders v. CFPB*, 581 F. Supp. 3d 101, 104 (D.D.C. 2022) (quoting *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001)).

### III.   ANALYSIS

The court will first address the issue of subject matter jurisdiction over Plaintiffs' FTCA claims. Although the FTCA waives the United States' immunity for certain tort claims demanding money damages, it exempts from that waiver "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

The court concludes that Plaintiffs' intrusion upon seclusion claim is, in substance, one of misrepresentation and therefore barred by sovereign immunity.[2] While Plaintiffs do not style their claim as one of misrepresentation, "the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states." *Johnson v. United States*, 547 F.2d

---

[2] To succeed on a claim for intrusion upon seclusion, Plaintiffs "must establish that defendants intentionally intruded upon their private affairs in a manner that would be highly offensive to a reasonable person." *Rusesabagina v. Republic of Rwanda*, 652 F. Supp. 3d 1, 9 (D.D.C. 2023) (citing *Wolf v. Regardie*, 553 A.2d 1213, 1217 (D.C. 1989)).

688, 691 (D.C. Cir. 1976) (quoting *Aktiebolaget Bofors v. United States*, 194 F.2d 145, 148 (D.C. Cir. 1951)). "The government conduct that is alleged to have caused the injury determines the essential nature of the cause of action." *Edmonds v. United States*, 436 F. Supp. 2d 28, 35–36 (D.D.C. 2006) (citing *Kugel v. United States*, 947 F.2d 1504, 1507 (D.C. Cir. 1991)). Moreover, "Section 2680(h) does not merely bar claims *for*" the enumerated torts; "in sweeping language it excludes any claim *arising out of*" those torts. *Olson v. United States*, 953 F. Supp. 2d 223, 233 (D.D.C. 2013) (emphasis in original); *see Kugel*, 947 F.2d at 1507. In assessing both the nature of a plaintiff's claim and whether it arises out of an enumerated tort, the court "must scrutinize the alleged *cause* of his injury" to see if it stems from an excluded tort. *Kugel*, 947 F.2d at 1507 (emphasis added).

Plaintiffs allege "no injury . . . suffered independently of . . . the erroneous" warrant application and associated misrepresentations. *Block v. Neal*, 460 U.S. 289, 296 (1983). Specifically, Plaintiffs allege that "[t]he FBI misrepresented its authority to the magistrate," causing the Magistrate Judge to approve a "warrant . . . broader than the FBI could properly request." Am. Compl. ¶ 19. "The sweeping nature of the data request far exceeded what was necessary for the investigation, encompassing a vast amount of personal and irrelevant data that should not have been disclosed under the law," *id.* ¶ 22, "including private Facebook messages and financial data," *id.* ¶ 62. "This led to an unjustified search of the Plaintiffs' private records." *Id.* ¶ 21. The prosecution then made various "misrepresentation[s] to the court regarding the handling of evidence," which, combined with "their continued failure to address these errors, further exacerbated the intrusion of privacy." *Id.* ¶ 65 (noting in particular the prosecution's "[m]isrepresentation in the memorandum in opposition to the motion to suppress," "mischarateriz[ation of] the evidence . . . during the cross examination," "misrepresentations . . .

at sentencing," "non-credible theory of the search warrant terms on appeal," and "contradicti[on of] its earlier representations").

The primary "tortious wrong" Plaintiffs allege in support of their intrusion upon seclusion claim is the Government's misrepresentations in the warrant application. *Black v. Sheraton Corp. of Am.*, 564 F.2d 531, 541 (D.C. Cir. 1977). Any injuries from the search itself flow from that conduct; Plaintiffs allege no independent duty the Government breached in executing the search warrant. Instead, they point to the FBI's mishandling of filtering and segregation procedures, arguing that the FBI's failure "to properly filter the data before presenting it to the prosecutor" violated a separate "operational duty" independent of its earlier misrepresentations and actionable under the FTCA. Am. Compl. ¶ 52; *see* Opp. to Mot. to Dismiss at 15–16, ECF No. 10. But these allegations do not state a claim for intrusion upon seclusion. The "intrusion itself"—in this case the execution of the search warrant—"inflicts the harm," and is distinct from the "'publication or other use of any kind' of the information intruded upon." *AFL-CIO. v. Dep't of Lab.*, 778 F. Supp. 3d 56, 71 (D.D.C. 2025) (quoting Restatement (Second) of Torts § 652B cmt. b.). To the extent the FBI's overbroad disclosure of information to the prosecution constitutes separate tortious conduct, that would properly be analyzed as public disclosure of private facts, and that claim fails for the reasons below.

The same is true for Plaintiffs' claim of public disclosure of private facts, which incorporates by reference the "actions and omissions of the FBI and DOJ detailed therein." Am. Compl. ¶ 74.[3] To the extent Plaintiffs' claim is based not on the Government's misrepresentations,

---

[3] The tort of public disclosure of private facts has five elements: "(1) publicity, (2) absent any waiver or privilege[,] (3) given to private facts (4) in which the public has no legitimate concern (5) and which would be highly offensive to a reasonable person of ordinary sensibilities." *Wolf*, 553 A.2d at 1220.

but on other "bad faith" use of the information at trial, *id.* ¶ 34, the FTCA does not waive immunity for core prosecutorial functions, which include those "inextricably tied to . . . the presentation of evidence," *Moore v. Valder*, 65 F.3d 189, 196–97 (D.C. Cir. 1995) (quoting *Grey v. Bell*, 712 F.2d 490, 516 (D.C. Cir. 1983)); *see* 28 U.S.C. § 2680(a) (retaining immunity for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government"). And as to the FBI's transfer of Plaintiffs' Facebook content to DOJ prosecutors, such limited intra-agency dissemination of information for purposes of a criminal prosecution does not satisfy the requisite publicity element. *See* Restatement (Second) of Torts § 652D cmt. a. ("'Publicity' . . . means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge."); *Steinbuch v. Cutler*, 463 F. Supp. 2d 1, 3 (D.D.C. 2006). To the extent Plaintiffs rely on the FBI's statements through a witness at trial, it is well established that "witnesses who testify at trial are immune from civil suits based on their testimony." *Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162, 176 (D.D.C. 2006); *see Briscoe v. LaHue*, 460 U.S. 325, 330–34 (1983).

       Plaintiffs have also failed to plausibly plead an actionable claim under the Privacy Act for improper disclosure, maintenance, and protection of their records related to the Facebook search warrants. "To state a claim under the Privacy Act, a plaintiff must establish that (1) the agency violated a provision of the Act; (2) the violation was intentional or willful; and (3) the violation had an 'adverse effect' on the plaintiff in the form of actual damages." *Chichakli v. Tillerson*, 882 F.3d 229, 233 (D.C. Cir. 2018). Importantly, "the Act only waives sovereign immunity for 'actual damages,'" *Stewart v. Kendall*, 578 F. Supp. 3d 18, 23 (D.D.C. 2022) (quoting *FAA v. Cooper*,

566 U.S. 284, 291 (2012)), that is, "proven pecuniary or economic harm," *Cooper*, 566 U.S. at 299.

Even assuming Plaintiffs have pleaded Privacy Act violations, they have not plausibly pleaded that the alleged violations caused an adverse effect resulting in actual damages. *See* 5 U.S.C. § 552a(g)(4). Plaintiffs allege economic loss in the form of wrongful fines and restitution payments, lost income, and other expenses associated with their conviction and prison stay. *See* Am. Compl. at 60–61. But apart from conclusory assertions that the Government's use of information from the Facebook search was "the cause of the improper conviction and sentencing," *id.* ¶ 37; *see, e.g.*, *id.* ¶¶ 40, 50, 99, Plaintiffs have not alleged sufficient specific, non-conclusory facts to support a reasonable inference that the introduction of extraneous information led to their conviction. Absent more, Plaintiffs' claim that personal information gleaned from their Facebook accounts—which they argue should have been excluded because it was irrelevant to their criminal prosecution—materially impacted the outcome of the trial has not crossed "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Nor do Plaintiffs appear to have plausibly pleaded intentional or willful conduct—that is, that the Government acted "without grounds for believing [its conduct] to be lawful, or by flagrantly disregarding others' rights." *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984) (quoting 5 U.S.C. § 552a(g)(4)). This standard requires more than gross negligence: "a violation of the statute 'must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful.'" *Maydak v. United States*, 630 F.3d 166, 179 (D.C. Cir. 2010) (quoting *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1122 (D.C. Cir. 2007)); *see Waters v. Thornburgh,* 888 F.2d 870, 875 (D.C. Cir. 1989). While "the talismanic words 'willful' and 'intentional' appear in the amended complaint, . . . those allegations cannot satisfy plaintiffs'

pleading burden because they are nothing more than 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Kelley v. FBI*, 67 F. Supp. 3d 240, 257 (D.D.C. 2014) (quoting *Twombly*, 550 U.S. at 555). Nor do allegations that the Government disclosed and mishandled Plaintiffs' information despite its "knowing failure . . . to implement the warrant's explicit filtering and sealing requirements," Am. Compl. ¶ 88, provide a plausible basis for concluding that the agency was wholly "without grounds for believing" its conduct was authorized under the Privacy Act, *Albright*, 732 F.2d at 189 (quoting *Perry v. Block*, 684 F.2d 121, 129 (D.C. Cir. 1982)). Plaintiffs' Privacy Act claims therefore fail for lack of subject matter jurisdiction and failure to state a claim.

## IV.   CONCLUSION

Accordingly, the court will GRANT Federal Defendants' Motion to Dismiss. A separate order will follow.

Date: December 8, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge